UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

CASE NO.: 1:09-CV-08862-GBD

Absolute Activist Master Fund Limited,
Absolute East West Fund Limited,
Absolute East West Master Fund Limited,
Absolute European Catalyst Fund Limited,
Absolute Germany Fund Limited,
Absolute India Fund Limited, Absolute
Octane Fund Limited, Absolute Octane
Master Fund Limited, and Absolute Return
Fund Limited,

      Plaintiffs,

v.

Todd M. Ficeto, individually and as
Guardian for Natalia C. Ficeto and Hunter
M. Ficeto, Hunter World Markets,
Inc., Florian Homm, Colin Heatherington,
Craig Heatherington, CIC Global Capital
Ltd., Sean Ewing, Ulrich Angersbach,
John Does 1 to 3, Jane Does 1 to 3, and
Doe Entities 1 to 3,

      Defendants.

**JURY TRIAL DEMANDED**

_____

**DEFENDANT FLORIAN HOMM'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant Florian Homm ("Homm"), by and through his undersigned counsel, answers the

Second Amended Complaint filed by Plaintiffs as follows:

1.     To the extent Paragraph 1 of the Second Amended Complaint pleads legal

conclusions, no response is necessary. To the extent it is intended to allege facts, it is denied.

2.      Mr. Homm admits so much of Paragraph 2 of the Second Amended Complaint as alleges the Plaintiffs are Cayman Island companies and except as so admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 2.

3.      Mr. Homm denies the allegations in Paragraph 3 of the Second Amended Complaint.

4.      Mr. Homm denies the allegations in Paragraph 4 of the Second Amended Complaint.

5.      Mr. Homm denies the allegations in Paragraph 5 of the Second Amended Complaint.

6.      Mr. Homm denies the allegations in Paragraph 6 of the Second Amended Complaint.

7.      Mr. Homm denies the allegations in Paragraph 7 of the Second Amended Complaint.

8.      Mr. Homm denies the allegations in Paragraph 8 of the Second Amended Complaint.

9.      Mr. Homm denies the allegations in Paragraph 9 of the Second Amended Complaint.

10.      Answering Paragraph 10 of the Second Amended Complaint, Mr. Homm denies the validity of the assignment and denies any allegations of wrongdoing on his part in said Paragraph 10.

11.      Mr. Homm admits so much of Paragraph 11 of the Second Amended Complaint as alleges the Plaintiffs are Cayman Island companies and except as so admitted, denies knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 11.

12.      Mr. Homm admits so much of Paragraph 12 of the Second Amended Complaint as alleges that Mr. Homm is a German national and served at certain times as Chief Investment Officer of ACM, (as defined) which was at certain times the Investment Manager for the Funds (as defined), and that at certain times he owned more than 50 percent of Hunter World Markets, Inc. With respect to the regulatory and judicial proceedings to which said Paragraph 12 refers, Plaintiffs are summarizing the content of documents not attached to the Second Amended Complaint, and Mr. Homm respectfully refers the Court to the complete version of those documents for a full and accurate recitation of their contents. The remaining allegations are either too vague to permit Mr. Homm to frame a response, or contain legal conclusions to which no response is necessary. To the extent such allegations are intended to assert wrongdoing on the part of Mr. Homm, they are denied.

13.      Mr. Homm admits so much of Paragraph 13 of the Second Amended Complaint as alleges that Mr. Ficeto was at certain times employed by, and had an ownership interest in, Hunter World Markets and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegation in said Paragraph 13.

14.      Mr. Homm admits so much of Paragraph 14 of the Second Amended Complaint as alleges that Hunter World Markets, Inc. did at some point maintain an office in Beverly Hills, California, that for some period of time Mr. Homm owned 50 percent of the company and that Mr. Ficeto had an ownership interest as well. The remaining allegations in Paragraph 14 are legal conclusions to which no response is necessary, or are allegations as to which Mr. Homm denies knowledge or information sufficient to form a belief as to the truth thereof.

15.     Mr. Homm admits so much of Paragraph 15 of the Second Amended Complaint as alleges that Mr. Heatherington was at some point employed by ACM, (as defined), denies that Mr. Heatherington was Mr. Homm's "point man", and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 15.

16.     Paragraph 16 of the Second Amended Complaint does not make any allegations against any Defendant and thus no response is necessary.

17.     To the extent Paragraph 17 of the Second Amended Complaint pleads legal conclusions, no response is necessary. Mr. Homm admits that at some time Mr. Heatherington worked at ACM and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 17.

18.      Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Second Amended Complaint.

19.     To the extent Paragraph 19 of the Second Amended Complaint pleads legal conclusions, no response is necessary. Mr. Homm admits that at some time Mr. Ewing worked at ACM and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 19.

20.     To the extent Paragraph 20 of the Second Amended Complaint pleads legal conclusions, no response is necessary. Mr. Homm admits that he was acquainted with Mr. Angersbach, that at some time Mr. Angersbach was employed by ACM or predecessor entities, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 20.

21.     Paragraph 21 of the Second Amended Complaint does not make any allegations against any Defendant and thus no response is necessary.

22.     To the extent Paragraph 22 of the Second Amended Complaint pleads legal conclusions, no response is necessary. Mr. Homm admits that Plaintiffs purport to bring these claims under the statutes and laws referenced in said Paragraph 22 but denies he has violated any of them or any other statutes or laws.

23.     To the extent Paragraph 23 of the Second Amended Complaint pleads legal conclusions, no response is necessary. Mr. Homm admits that Plaintiffs purport to base jurisdiction on the statutes and principles referenced in said Paragraph 23 but denies that jurisdiction exists.

24.     Paragraph 24 of the Second Amended Complaint pleads a legal conclusion to which no response is necessary.

25.     To the extent Paragraph 25 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent a response is necessary, Mr. Homm denies the allegations of said Paragraph 25.

26.     Mr. Homm denies the allegations in Paragraph 26 of the Second Amended Complaint.

27.     To the extent Paragraph 27 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent a response is necessary, Mr. Homm denies the allegations of said Paragraph 27.

28.     Paragraph 28 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 28.

29.     Paragraph 29 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 29.

30.     Mr. Homm admits so much of Paragraph 30 of the Second Amended Complaint as alleges he was at one time CIO of ACM. The remainder of said Paragraph purports to summarize documents which are not attached to the Second Amended Complaint and Mr. Homm respectfully refers the Court to the complete version of those documents for a full and accurate recitation of their contents.

31.     Mr. Homm denies the allegations in Paragraph 31 of the Second Amended Complaint.

32.     With respect to Paragraph 32 of the Second Amended Complaint, Plaintiffs are summarizing documents which are not attached to the Second Amended Complain. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. Mr. Homm denies the allegations in said Paragraph that are intended to refer to him, and denies knowledge or information sufficient form a belief as to the truth of the remaining allegations in said Paragraph 32.

33.     Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Second Amended Complaint.

34.     Mr. Homm denies the allegations in Paragraph 34 of the Second Amended Complaint.

35.     Mr. Homm denies the allegations in Paragraph 35 of the Second Amended Complaint.

36.     Mr. Homm denies the allegations in Paragraph 36 of the Second Amended Complaint.

37.     Mr. Homm admits so much of Paragraph 37 of the Second Amended Complaint as alleges that certain of the Funds were invested in certain of the identified entities.

38.     Mr. Homm denies the allegations in Paragraph 38 of the Second Amended Complaint.

39.     Mr. Homm denies the allegations in Paragraph 39 of the Second Amended Complaint.

40.     Mr. Homm denies the allegations in Paragraph 40 of the Second Amended Complaint.

41.     Mr. Homm denies the allegations in Paragraph 41 of the Second Amended Complaint.

42.     Mr. Homm denies the allegations in Paragraph 42 of the Second Amended Complaint.

43.     To the extent Paragraph 43 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent a response is necessary Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 43.

44.     Paragraph 44 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof.

45.     To the extent Paragraph 45 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 45.

46.     Paragraph 46 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof.

47.     Paragraph 47 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof.

48.     Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Second Amended Complaint.

49.     To the extent Paragraph 49 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 49.

50.     Paragraph 50 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof.

51.     Paragraph 51 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof.

52.     Paragraph 52 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof.

53.     Mr. Homm denies the allegations in Paragraph 53 of the Second Amended Complaint.

54.     Mr. Homm denies the allegations in Paragraph 54 of the Second Amended Complaint.

55.     Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Second Amended Complaint.

56.     To the extent Paragraph 56 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 56.

57.     To the extent Paragraph 57 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 57.

58.     To the extent Paragraph 58 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 58.

59.     To the extent Paragraph 59 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 59.

60.     To the extent Paragraph 60 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 60.

61.     To the extent Paragraph 61 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 61.

62.     To the extent Paragraph 62 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 62.

63.     To the extent Paragraph 63 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent a response is necessary, Mr. Homm denies the allegations of said Paragraph 63.

64.     Mr. Homm admits the allegations in Paragraph 64 of the Second Amended Complaint.

65.     To the extent Paragraph 65 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent it is intended to allege facts, Mr. Homm admits Hunter was a market maker for some of the Funds in this action and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 65.

66.    To the extent Paragraph 66 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent a response is necessary, Mr. Homm denies the allegations of said Paragraph 66.

67.    To the extent Paragraph 67 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent a response is necessary, Mr. Homm denies the allegations of said Paragraph 67.

68.    To the extent Paragraph 68 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent it is intended to allege facts, Mr. Homm denies the allegations of said Paragraph 68.

69.    Paragraph 69 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof.

70.    To the extent Paragraph 70 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 70.

71.    To the extent Paragraph 71 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 71.

72.    Paragraph 72 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary,

Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 72.

73.     Paragraph 73 purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 73.

74.     Mr. Homm denies the allegations in Paragraph 74 of the Second Amended Complaint.

75.     To the extent Paragraph 75 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 75.

76.     Paragraph 76 purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 76.

77.      Paragraph 77 purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 77.

78.     Paragraph 78 purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 78.

79.     Paragraph 79 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 79.

80.     Paragraph 80 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. Mr. Homm denies that any actions he took were unknown to or unauthorized by the Funds, or were in any way illegal or improper.

81.     Paragraph 81 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 81.

82.     Paragraph 82 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 82.

83.     Mr. Homm denies the allegations in Paragraph 83 of the Second Amended Complaint.

84.     Paragraph 84 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 84.

85.     Paragraph 85 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 85.

86.     Paragraph 86 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 86.

87.      Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Second Amended Complaint.

88.     Mr. Homm denies the allegations in Paragraph 88 of the Second Amended Complaint.

89.     Paragraph 89 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 89, except denies there was a fraud.

90.     Paragraph 90 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court

to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 90.

91.     Mr. Homm denies the allegations in Paragraph 91 of the Second Amended Complaint alleging fraudulent conduct on his part and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 of the Second Amended Complaint.

92.     Paragraph 92 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 92.

93.     Paragraph 93 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 93.

94.     Paragraph 94 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 94.

95.     Paragraph 95 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 95.

96.     Paragraph 96 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 96.

97.     Paragraph 97 purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 97.

98.     Paragraph 98 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 98.

99.     Paragraph 99 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary,

Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 99.

100.    Mr. Homm denies the allegations in Paragraph 100 of the Second Amended Complaint.

101.    Paragraph 101 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 101.

102.    Paragraph 102 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 102.

103.    Mr. Homm denies the allegations in Paragraph 103 of the Second Amended Complaint.

104.    Paragraph 104 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 104.

105.    Paragraph 105 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully

refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 105.

106.   Paragraph 106 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 106.

107.   Paragraph 107 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 107.

108.   Paragraph 108 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 108.

109.    Paragraph 109 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 109.

110.    Paragraph 110 purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in Paragraph 110 the Second Amended Complaint.

111.    Paragraph 111 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 111.

112.    Mr. Homm denies the allegations in Paragraph 112 of the Second Amended Complaint.

113.    Paragraph 113 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 113.

114.     Paragraph 114 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 114.

115.     Paragraph 115 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 115.

116.     Paragraph 116 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct and knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 116.

117.     Paragraph 117 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 117.

118.     Paragraph 118 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 118.

119.     Paragraph 119 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 119.

120.     Paragraph 120 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 120.

121.     Paragraph 121 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 121.

122.     Paragraph 122 purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 122.

123.     Mr. Homm denies the allegations in Paragraph 123 of the Second Amended Complaint.

124.     Paragraph 124 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 124.

125.     Paragraph 125 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 125.

126.     Paragraph 126 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 126.

127.     Paragraph 127 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 127.

128.     Paragraph 128 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 128.

129.    Paragraph 129 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 129.

130.    Paragraph 130 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 130.

131.    Paragraph 131 purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 131.

132.    Mr. Homm denies the allegations in Paragraph 132 of the Second Amended Complaint.

133.    Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the Second Amended Complaint.

134.    Paragraph 134 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully

refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 134.

135.    Paragraph 135 purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 135.

136.    Paragraph 136 purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 136.

137.    Mr. Homm denies the allegations in Paragraph 137 of the Second Amended Complaint.

138.    Paragraph 138 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 138.

139.    Paragraph 139 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully

refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 139.

140.     Paragraph 140 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 140.

141.     Paragraph 141 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 141.

142.     Paragraph 142 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 142.

143.     Paragraph 143 purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 143.

144.    Mr. Homm denies the allegations in Paragraph 144 of the Second Amended Complaint.

145.    Paragraph 145 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 145.

146.    Paragraph 146 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 146.

147.    Paragraph 147 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 147.

148.    Paragraph 148 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 148.

149.     Paragraph 149 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 149.

150.     Paragraph 150 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 150.

151.     Paragraph 151 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 151.

152.     Paragraph 152 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 152.

153.     Paragraph 153 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a

response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 153.

154.    Mr. Homm denies the allegations in Paragraph 154 of the Second Amended Complaint.

155.    Paragraph 155 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 155.

156.    Paragraph 156 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in Paragraph 156 of the Second Amended Complaint.

157.    Paragraph 157 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 157.

158.    Paragraph 158 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a

response is necessary, Mr. Homm denies any fraudulent conduct, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 158.

159.    Paragraph 159 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 159.

160.    Paragraph 160 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 160.

161.    Mr. Homm denies the allegations in Paragraph 161 of the Second Amended Complaint.

162.    Mr. Homm denies the allegations in Paragraph 162 of the Second Amended Complaint.

163.    Responding to Paragraph 163 of the Second Amended Complaint, Mr. Homm agrees that if one adds the numbers in Paragraph 162 together they equal the amount, but otherwise denies the allegations in said Paragraph 163.

164.    Paragraph 164 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 164.

165.     Paragraph 165 purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 165.

166.     Mr. Homm denies the allegations in Paragraph 166 of the Second Amended Complaint.

167.     Paragraph 167 purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 167.

168.     Paragraph 168 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations of conspiracy, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 168.

169.     Paragraph 169 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any wrongdoing, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 169.

170.   Paragraph 170 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 170.

171.   Paragraph 171 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 171.

172.   Paragraph 172 purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 172.

173.   Answering Paragraph 173 of the Second Amended Complaint Mr. Homm admits he engaged counsel, and denies the remaining allegations in said Paragraph 173.

174.   Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 of the Second Amended Complaint

175.   Mr. Homm denies the allegations contained in Paragraph 175 of the Second Amended Complaint, except Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations respecting the mental state of the Former Employee and of Mr. Ewing in said Paragraph 175.

176.   Paragraph 176 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully

refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 176 of the Second Amended Complaint.

177.    Paragraph 177 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any wrongdoing, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 177.

178.    Paragraph 178 purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations, including the mental state of the former employee, in said Paragraph 178.

179.    Paragraph 179 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies he was engaged in a fraud, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 179.

180.    Paragraph 180 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a

response is necessary, Mr. Homm denies any wrongdoing, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 180.

181.    Answering Paragraph 181 of the Second Amended Complaint Mr. Homm denies there was a fraudulent scheme and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 181.

182.    Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the Second Amended Complaint.

183.    Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 of the Second Amended Complaint.

184.    Paragraph 184 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 184.

185.    Answering Paragraph 185 of the Second Amended Complaint, Mr. Homm denies there was a fraud and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 185.

186.    Mr. Homm denies the allegations in Paragraph 186 (b) of the Second Amended Complaint and denies knowledge of information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 186.

187.    Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 of the Second Amended Complaint.

188.    Paragraph 188 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully

refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 188.

189.   Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 of the Second Amended Complaint.

190.   Mr. Homm denies the allegations in Paragraph 190 of the Second Amended Complaint.

191.   Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 of the Second Amended Complaint, except denies there was a fraud.

192.   Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 of the Second Amended Complaint.

193.   Mr. Homm denies the allegations in Paragraph 193 of the Second Amended Complaint.

194.   Paragraph 194 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 194.

195.   Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 of the Second Amended Complaint, except denies there was a fraud.

196.    To the extent Paragraph 196 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent it is intended to allege facts, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 196, except denies there was a fraud.

197.    Paragraph 197 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 197.

198.    Paragraph 198 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 198.

199.    Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 of the Second Amended Complaint, except denies there was a fraud.

200.    Answering Paragraph 200 of the Second Amended Complaint, Mr. Homm denies there was a fraud, denies the allegations in subparagraph "a" and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 200.

201.    Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 of the Second Amended Complaint.

202.     Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 of the Second Amended Complaint.

203.     Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 203 of the Second Amended Complaint, and denies the allegations in the second sentence of said Paragraph 203.

204.     Paragraph 204 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 204.

205.     Mr. Homm denies the allegations in Paragraph 205 of the Second Amended Complaint

206.     Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 of the Second Amended Complaint, except denies there was a fraud.

207.     Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 of the Second Amended Complaint.

208.     Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 of the Second Amended Complaint.

209.     Mr. Homm denies the allegations in Paragraph 209 of the Second Amended Complaint.

210.     Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 of the Second Amended Complaint.

211.    To the extent Paragraph 211 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 211.

212.    Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 of the Second Amended Compliant.

213.    Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 of the Second Amended Compliant.

214.    Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 of the Second Amended Complaint, except denies there was a fraud.

215.    Mr. Homm denies knowledge or information sufficient to form a belief as to the truth or the allegations in Paragraph 215 of the Second Amended Complaint, except denies there was a fraud.

216.    Mr. Homm denies the allegations in Paragraph 216 of the Second Amended Complaint.

217.    Answering Paragraph 217 of the Second Amended Complaint, Mr. Homm admits he knew Mr. Heatherington.

218.    Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218 of the Second Amended Complaint.

219.    Paragraph 219 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully

refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 219.

220.   Paragraph 220 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 220, except denies there was a fraud.

221.   Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221 of the Second Amended Complaint.

222.   Paragraph 222 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 222.

223.   Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223 of the Second Amended Complaint, except denies there was a fraud.

224.   Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224 of the Second Amended Complaint.

225.   Paragraph 225 purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 225.

226.    Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226 of the Second Amended Complaint.

227.    Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227 of the Second Amended Complaint.

228.    Mr. Homm denies the allegations in Paragraph 228 of the Second Amended Complaint.

229.    Mr. Homm denies the allegations in Paragraph 229 of the Second Amended Complaint.

230.    Paragraph 230 purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 230.

231.    Paragraph 231 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies the allegations in said Paragraph 231.

232.    To the extent Paragraph 232 of the Second Amended Complaint is intended as an averment, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 232.

233.    Answering Paragraph 233 of the Second Amended Complaint, Mr. Homm denies any wrongdoing, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 233.

234.     Paragraph 234 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies any wrongdoing, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 234.

235.     Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235 of the Second Amended Complaint.

236.     Paragraph 236 purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 236.

237.     Answering Paragraph 237 of the Second Amended Complaint Mr. Homm admits he resigned, but denies he went into hiding.

238.     Paragraph 238 of the Second Amended Complaint purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 238.

239.     Paragraph 239 purports to summarize documents which are not attached to the Second Amended Complaint. Mr. Homm respectfully refers the Court to those documents for the full and accurate contents thereof. To the extent a response is necessary, Mr. Homm denies

knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph 239.

240. Mr. Homm denies the allegations in Paragraph 240 of the Second Amended Complaint.

241. Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 of the Second Amended Complaint.

242. To the extent Paragraph 242 of the Second Amended Complaint pleads legal conclusions, no response is necessary, but Mr. Homm denies any such assignment was effective.

243. Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 of the Second Amended Complaint, but denies any such assignment was effective.

244. Paragraph 244 of the Second Amended Complaint pleads legal conclusions to which no response is necessary.

245. Mr. Homm admits the allegations set forth in Paragraph 245 of the Second Amended Complaint.

246. Mr. Homm denies the allegations in Paragraph 246 of the Second Amended Complaint.

247. Paragraph 247 of the Second Amended Complaint pleads legal conclusions to which no response is necessary. To the extent it is intended to allege facts, it is denied.

248. Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248 of the Second Amended Complaint.

249. Mr. Homm denies the allegations in Paragraph 249 of the Second Amended Complaint.

250.     Mr. Homm denies the allegations in Paragraph 250 of the Second Amended Complaint.

251.     Answering Paragraph 251 of the Second Amended Complaint, Mr. Homm repeats and realleges his answers to the referenced paragraphs as though fully set forth herein.

252.     To the extent Paragraph 252 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent it is intended to allege facts, it is denied.

253.     Mr. Homm denies the allegations in Paragraph 253 of the Second Amended Complaint.

254.     Paragraph 254 of the Second Amended Complaint pleads legal conclusions to which no response is necessary.

255.     Mr. Homm denies the allegations in Paragraph 255 of the Second Amended Complaint.

256.     Mr. Homm denies the allegations in Paragraph 256 of the Second Amended Complaint.

257.     Mr. Homm denies the allegations in Paragraph 257 of the Second Amended Complaint.

258.     Mr. Homm denies the allegations in Paragraph 258 of the Second Amended Complaint.

259.     Mr. Homm denies the allegations in Paragraph 259 of the Second Amended Complaint.

260.     Answering Paragraph 260 of the Second Amended Complaint, Mr. Homm repeats and realleges his answers to the referenced paragraphs as though fully set forth herein.

261.    To the extent Paragraph 261 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent it is intended to allege facts, it is denied.

262.    Mr. Homm denies the allegations in Paragraph 262 of the Second Amended Complaint.

263.    Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 263 of the Second Amended Complaint.

264.    Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264 of the Second Amended Complaint.

265.    Mr. Homm denies the allegations in Paragraph 265 of the Second Amended Complaint.

266.    Mr. Homm denies the allegations in Paragraph 266 of the Second Amended Complaint.

267.    Mr. Homm denies the allegations in Paragraph 267 of the Second Amended Complaint.

268.    Answering Paragraph 268 of the Second Amended Complaint, Mr. Homm repeats and realleges his answers to the referenced paragraphs as though fully set forth herein.

269.    To the extent Paragraph 269 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent it is intended to allege facts, it is denied.

270.    Mr. Homm denies the allegations in Paragraph 270 of the Second Amended Complaint.

271.    Mr. Homm denies the allegations in Paragraph 271 of the Second Amended Complaint.

272.     Mr. Homm denies the allegations in Paragraph 272 of the Second Amended Complaint.

273.     Mr. Homm denies the allegations in Paragraph 273 of the Second Amended Complaint.

274.     Answering Paragraph 274 of the Second Amended Complaint, Mr. Homm repeats and realleges his answers to the referenced paragraphs as though fully set forth herein.

275.     To the extent Paragraph 275 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent it is intended to allege facts, it is denied.

276.     Mr. Homm denies the allegations in Paragraph 276 of the Second Amended Complaint.

277.     To the extent Paragraph 277 of the Second Amended Complaint pleads legal conclusions, no response is necessary.

278.     Mr. Homm denies the allegations in Paragraph 278 of the Second Amended Complaint.

279.     Mr. Homm denies the allegations in Paragraph 279 of the Second Amended Complaint.

280.     Mr. Homm denies the allegations in Paragraph 280 of the Second Amended Complaint.

281.     Mr. Homm denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281 of the Second Amended Complaint.

282.     Mr. Homm denies the allegations in Paragraph 282 of the Second Amended Complaint.

283.     Mr. Homm denies the allegations in Paragraph 283 of the Second Amended Complaint.

284.     Mr. Homm denies the allegations in Paragraph 284 of the Second Amended Complaint.

285.     Mr. Homm denies the allegations in Paragraph 285 of the Second Amended Complaint.

286.     Mr. Homm denies the allegations in Paragraph 286 of the Second Amended Complaint.

287.     Answering Paragraph 287 of the Second Amended Complaint, Mr. Homm repeats and realleges his answers to the referenced paragraphs as though fully set forth herein.

288.     To the extent Paragraph 288 of the Second Amended Complaint pleads legal conclusions, no response is necessary. To the extent it is intended to allege facts, it is denied.

289.     To the extent Paragraph 289 of the Second Amended Complaint pleads legal conclusions, no response is necessary.

290.     Mr. Homm denies the allegations in Paragraph 290 of the Second Amended Complaint.

291.     Mr. Homm denies the allegations in Paragraph 291 of the Second Amended Complaint.

292. Mr. Homm denies that Plaintiffs are entitled to the relief prayed for, to any part thereof or to any other relief.

## AFFIRMATIVE AND OTHER DEFENSES

Mr. Homm asserts the following affirmative and other defenses with respect to the causes of action alleged in the Second Amended Complaint. In doing so, Mr. Homm does not concede that

the assertion of such defenses imposes any burden of proof on Mr. Homm. Mr. Homm has not yet conducted discovery nor completed an investigation, and to the extent that an investigation and/or discovery warrant, he reserves the right to supplement, amend or withdraw any or all of the following affirmative or other defenses prior to any trial of this action.

### First Defense

1.     Plaintiffs fail to state a claim against Mr. Homm upon which relief may be granted.

### Second Defense

2.     Plaintiffs lack standing and/or capacity to bring their claims against Mr. Homm.

### Third Defense

3.     Plaintiffs' claims against Mr. Homm are barred, in whole or in part, because the Court lacks personal jurisdiction over Mr. Homm.

### Fourth Defense

4.     The applicable statute of limitations has run.

### Fifth Defense

5.     Plaintiffs' claims against Mr. Homm are barred, in whole or in part, by the application of the doctrine of laches.

### Sixth Defense

6.     Plaintiffs have waived their claims against Mr. Homm.

### Seventh Defense

7.     Plaintiffs are estopped from asserting their claims against Mr. Homm.

### Eighth Defense

8.     Plaintiffs' claims against Mr. Homm are barred, in whole or in part, by the doctrines of ratification and affirmation.

**Ninth Defense**

9.      Any injury or damages Plaintiffs suffered were caused by the intervening and superseding conduct of other parties for whom Mr. Homm is not responsible.

**Tenth Defense**

10.     Plaintiffs' claims against Mr. Homm are barred, in whole or in part, because Mr. Homm acted at all times in good faith and did not directly or indirectly induce any act or acts to constitute a violation of law or give rise to a civil claim.

**Eleventh Defense**

11.     Mr. Homm was not the sole or partial cause of Plaintiffs' alleged injuries or damages.

**Twelfth Defense**

12.     Mr. Homm had no knowledge, or reasonable grounds to believe, that the other Defendants were engaged in fraud.

**Thirteenth Defense**

13.     Mr. Homm neither owed nor breached any duty to Plaintiffs.

**Fourteenth Defense**

14.     Plaintiffs did not actually, directly, and individually rely on any alleged representations, acts, or omissions by Mr. Homm.

**Fifteenth Defense**

15.     Plaintiffs did not justifiably or reasonably rely on any alleged representations, acts, or omissions by Mr. Homm.

## Sixteenth Defense

16.     Plaintiffs are not entitled to any recovery from Mr. Homm because Mr. Homm acted at all times without scienter, and without criminal, fraudulent, or other wrongful intent, and neither had knowledge nor was reckless in not knowing that any alleged statement or omission was false or misleading.

## Seventeenth Defense

17.     Plaintiffs are not entitled to any recovery from Mr. Homm because the alleged misstatements or omissions of fact were not material to the investment decisions of a reasonable investor.

## Eighteenth Defense

18.     Plaintiffs' claims against Mr. Homm are barred, in whole or in part, because the purported misstatements alleged in the Second Amended Complaint that are attributed to Mr. Homm did not affect the value of the Plaintiffs' securities.

## Nineteenth Defense

19.     Mr. Homm did not know, and in the exercise of reasonable care could not have known, of the existence of the alleged false or misleading statements and omissions of material fact referenced in the Second Amended Complaint.

## Twentieth Defense

20.     Mr. Homm was entitled to, and did, reasonably and in good faith, rely upon the acts and representations of other Defendants in this action, and third parties with respect to the transactions and events that are the subject of the claims asserted against Mr. Homm in the Second Amended Complaint.

**Twenty-First Defense**

21.    Mr. Homm is not liable for any alleged representations or fraudulent conduct that occurred prior to or after his association with ACM.

**Twenty-Second Defense**

22.    Plaintiffs failed to mitigate, minimize, or avoid their damages, if any.

**Twenty-Third Defense**

23.    Any damage, loss, or liability sustained by the Plaintiffs must be reduced, diminished and/or barred in proportion to the wrongful or negligent conduct of Plaintiffs and other persons or entities other than Mr. Homm under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and comparative fault.

**Twenty-Fourth Defense**

24.    If the allegations in the Second Amended Complaint are true, which Mr. Homm denies, Mr. Homm was the victim of fraud, deceit, misrepresentation, concealment, negligence and/or breach of contract practiced upon him by others, in that information relating to the alleged trading was not provided to Mr. Homm and/or was knowingly concealed from Mr. Homm while Mr. Homm was performing his responsibilities with respect to ACM.

**Twenty-Fifth Defense**

25.    Plaintiffs' claims against Mr. Homm are barred, in whole or in part, because any damage, loss, or injury sustained by the Plaintiffs was proximately caused by or contributed to, in whole or in part, by market conditions and/or the conduct of others, rather than any conduct of Mr. Homm.

### Twenty-Sixth Defense

26.     Mr. Homm would be entitled to contribution from others for any liability he incurs to Plaintiffs in this action.

### Twenty-Seventh Defense

27.     If any liability may arise in this action (and none should), Mr. Homm would not be liable in excess of an amount permitted by applicable law.

### Twenty-Eighth Defense

28.     Plaintiffs are not entitled to equitable relief because they have an adequate remedy at law and/or come to this Court with unclean hands.

### Twenty-Ninth Defense

29.     This action should be dismissed or stayed by reason of another action pending by these Plaintiffs against Mr. Homm involving the same subject matter as this action.

### Thirtieth Defense

30.     Plaintiffs are not entitled to punitive damages.

### Thirty-First Defense

31.     Mr. Homm has not knowingly or voluntarily waived any applicable affirmative defenses available under federal or state law and reserves the right to assert, and rely upon, such additional affirmative defenses to the Second Amended Complaint as may become available or apparent as discovery commences and progresses in this action.

**WHEREFORE, Defendant Florian Homm** demands judgment as follows:

a)      That the Second Amended Complaint be dismissed as to him, with prejudice;

b)      That he be awarded his costs of this action; and

c)      That he be awarded such other, further and different relief as to this Court may seem

just and proper.

Dated: June ___, 2015                              BECKER & POLIAKOFF, LLP
                                                   45 Broadway, 8th Floor
                                                   New York, New York 10006
                                                   Tel. (212) 599-3322
                                                   Email: LGotthoffer@becker-poliakoff.com


                                                   By: s/Lance Gotthoffer_____
                                                   Lance Gotthoffer, Esq.
                                                   *Attorneys for Florian Homm*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 26, 2015, I caused a true and correct copy of the following document to be served via the CM/ECF system: Defendant Florian Homm's Answers to the Second Amended Complaint.

I further certify that on June 26, 2015, I caused a true and correct copy of the forgoing document to be served upon the following party via Registered Mail:

**RA 222 137 377 US**
Colin Heatherington
2070 Central Ave.
Victoria, BC
V8S 2R2
Canada
*Pro Se*

BECKER & POLIAKOFF, LLP
45 Broadway, 8th Floor
New York, New York 10006
Tel. (212) 599-3322
Email: LGotthoffer@bplegal.com
Secondary: SHowell@bplegal.com

By: s/Lance Gotthoffer_____
Lance Gotthoffer, Esq.

*Attorneys for Florian Homm*

ACTIVE: H19313/344014:6571693_5